IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE,

      Plaintiff,

vs.                                                     Case No: 6:25-CV-02112-CEM-NVH

CODY RUTLEDGE WILSON,
DEFCAD, INC., DEFENSE DISTRIBUTED,
DD FOUNDATION LLC, THOMAS
CHRISTOPHER ODOM and
GARRET WALLIMAN

      Defendants.

_____/

---

**DEFENDANTS' AMENDED MOTION TO DISMISS UNDER RULES
12(B)(2), 12(B)(3), 12(B)(6); OR, IN THE ALTERNATIVE, MOTION TO
TRANSFER VENUE, AND MOTION TO STRIKE UNDER RULE 12(f)**

---

Defendants, **CODY RUTLEDGE WILSON, DEFCAD, INC., DEFENSE DISTRIBUTED, DD FOUNDATION LLC, THOMAS CHRISTOPHER ODOM, and GARRET WALLIMAN** (collectively, "Defendants") respectfully move to dismiss Plaintiff's, **MATTHEW LAROSIERE** ("Plaintiff"), Complaint filed on November 5, 2025, *see e.g.,* Doc. 1, for lack of personal jurisdiction, improper venue, and failure to state a cause of action, pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(6), and to strike portions of the Complaint that contain immaterial and scandalous material pursuant to Rule 12(f). Alternatively, the Court should dismiss this action under the first-filed/claim-splitting doctrine in light of

Plaintiff's earlier-filed[1] related action, or transfer this case to the Western District of Texas under 28 U.S.C. §§ 1404(a) or 1406(a). In support thereof, state as follows:

## I.    INTRODUCTION

This is a copyright dispute pleaded by a Florida plaintiff against Texas-resident defendants and Texas business entities based in Austin. Doc. 1 at pp. 2–3; 8–19. Plaintiff pleads that DEFCAD, Inc., Defense Distributed, and DD Foundation LLC are Texas entities using Austin addresses, and that Mr. Wilson resides in Austin, Texas. Doc. 1 at p. 16–18. Plaintiff likewise identifies Odom as residing in Kingsbury, Texas, Walliman as residing in Apache Junction, Arizona, and lists Texas service locations, reflecting each Defendant's Texas residence and presence in the Western District of Texas. Doc. 1 at pp. 2–3; 8–19.

Despite these admissions, Plaintiff invoked venue in this District under 28 U.S.C. § 1391(b)(2) and asserted Florida long-arm jurisdiction based on Defendants' alleged online activities. Doc. 1 at p. 19. But this case arises under the Copyright Act, and the special venue statute for copyright cases governs. 28 U.S.C. § 1400(a) permits suit "in the district in which the defendant resides, his agent resides or may be found," which is the Western District of Texas, where a majority of Defendants reside, not this District. The Complaint's jurisdictional allegations confirm this reality. *See generally,* Doc. 1 at pp. 2–3; 8–19.

---

[1] Plaintiff filed an earlier copyright infringement action titled, *Matthew Larosiere v. Cody Wilson, Defense Distributed, DEFCAD, Inc.,* and *Dioskouroi, LLC,* Case No. 6:24-cv-01629-WWB-LHP,  in the Middle District of Florida on September 6, 2024. (the "First Action").

328491475v.1

Because personal jurisdiction is lacking and venue is improper, the Court should dismiss this action. Or, in the alternative, the Court should transfer to the Western District of Texas, where all Defendants reside and where the relevant witnesses, entities, and records are located. The Complaint also sweeps in multiple defendants and asserts claims "on information and belief" without pleading concrete facts of volitional infringement for each defendant; thus, dismissal is warranted under Rule 12(b). And the pleading is freighted with immaterial, scandalous allegations (e.g., cryptocurrency transfers, a bar complaint, and an alleged "death threat") that have no bearing on the elements of a copyright claim and should be stricken under Rule 12(f).

## II.    FACTUAL BACKGROUND

This is a copyright dispute pleaded by a Florida plaintiff against Texas-resident defendants and Texas business entities based in Austin. Plaintiff filed this action on November 5, 2025, alleging six (6) counts of federal copyright infringement against the Defendants, and seeking injunctive relief, premised on alleged conduct that occurred primarily in Florida. *See generally,* Doc. 1.

Defendants are largely domiciled and/or headquartered in Texas, maintain their principal places of business in Texas, and have no offices, employees, property, or bank accounts in Florida. *See generally,* Doc. 1 at ¶¶53–118. Defendants do not target the Florida market, do not advertise specifically to Florida residents, and have not directed the allegedly wrongful conduct at Florida. *See generally,* Doc. 1 at ¶¶53–118. The operative facts alleged by Plaintiff involve acts and witnesses located in Texas, not in Florida. *See generally,* Doc. 1 at ¶¶137–225.

Plaintiff's jurisdictional theory appears to rely primarily on his own online activity, including access and downloads from Florida, and on general allegations that Defendants' websites are accessible in Florida. *Id.* None of which constitutes the purposeful availment required to hale Defendants into court in this forum, and none of which gives rise to Plaintiff's copyright claims.

## III.  LEGAL STANDARD

The instant Motion requires the interplay of several procedural rules, including Rules 12(b)(2), 12(b)(3), 12(b)(6), and 12(f), any one of which warrants dismissal, as outlined below.  On a Rule 12(b)(2) motion, "the plaintiff must initially establish a prima facie case of personal jurisdiction, after which the burden shifts to the defendant to counter the plaintiff's allegations. If the defendant meets this burden, the plaintiff must produce evidence to support jurisdiction—merely rearticulating its allegations is not sufficient." *Bell N. Rsch., LLC v. HMD Am., Inc.*, No. 22-22706-CIV, 2023 U.S. Dist. LEXIS 39359, 2023 WL 2428121, at *2 (S.D. Fla. Mar. 9, 2023).

"Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (internal quotation omitted). "[W]here the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988).

328491475v.1

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." 556 F.3d at 1274. "The reach of Florida's long-arm statute 'is a question of Florida law,' and this Court is required to apply the statute 'as would the Florida Supreme Court.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013) (quoting *United Techs.*, 556 F.3d at 1274).

General and specific personal jurisdiction are encompassed by Florida's long-arm statute. "General personal jurisdiction exists when a defendant's engaged in substantial and not isolated activity within this state . . . whether or not the claim arises from that activity." *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1352 (quoting Fla. Stat. § 48.193(2)). Meanwhile, "specific personal jurisdiction authorizes jurisdiction over causes of action arising from or related to the defendant's actions within Florida and concerns a nonresident defendant's contacts with Florida only as those contacts related to the plaintiff's cause of action." *Id.*

Turning to venue, "Rule 12(b)(3) authorizes dismissal only when venue is 'wrong' or 'improper' under the requirements of federal venue laws, specifically 28 U.S.C. § 1391." *PNC Bank, N.A. v. Akshar Petroleum, Inc.*, No. 3:13-CV-436-J-34PDB, 2014 U.S. Dist. LEXIS 39151, 2014 WL 1230689, at *2 (M.D. Fla. Mar. 25, 2014). The plaintiff has a burden of demonstrating venue is proper. *Wai v. Rainbow*

*Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). "The court must accept **[*5]** all allegations of the complaint as true, unless contradicted by the defendants' affidavits, and when an allegation is so challenged the court may examine facts outside of the complaint to determine whether venue is proper." *Id.* at 1268.

In deciding a Rule 12(b)(6) motion, a court must construe the complaint broadly, *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and must view the allegations in the complaint in the light most favorable to the plaintiff. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). But "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Although Rule 12(b)(6) allows "a well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable," the If] actual allegations must be enough to raise a right to relief above a speculative level." *Id.; Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007).

The Court may also strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. That said, a motion to strike is considered "a drastic remedy and is disfavored by the courts." *Schmidt v. Life Ins. Co. of N. Am.*, 289 F.R.D. 357, 358 (M.D. Fla. 2012) (citing *Reyher v. Trans World Airlines*, 881 F. Supp. 574, 576 (M.D. Fla. 1995)). Therefore, a Rule 12(f) motion "should be granted only if the matter sought to be omitted has no possible relationship to the controversy, may

confuse the issues, or otherwise prejudice a party." *Id.* (internal quotations and citation omitted).

## IV.   ARGUMENT AND AUTHORITIES

This motion should be granted for several reasons. *First*, jurisdiction is improper because the Court lacks personal jurisdiction over the Texas Defendant residents and Defendant Entities operating out of Austin addresses. Because personal jurisdiction does not exist, venue is also improper, pursuant to 28 U.S.C.S. §1400(a), for purposes of initiating a copyright infringement suit. Alternatively, Defendants request to transfer the action to the Western District of Texas, where DEFCAD, Inc., DD Foundation, LLC, and Defense Distributed are located, and where material witnesses and evidence are concentrated under Rule 12(b)(3).

*Second*, the Complaint fails to state a claim because there are no factual details on how each Defendant infringed on the copyrights-in-suit[2] under Rule 12(b)(6).

*Third*, the Second-Filed, Overlapping Nature of this Case Warrants Dismissal, Stay, or Consolidation under Rule 12(b)(6).

*Lastly*, this Court should strike immaterial and scandalous allegations that are not relevant to the copyright infringement elements and are highly prejudicial, such as historical "cryptocurrency" transfers, a Florida Bar complaint, and an alleged "death threat" under Rule 12(f).

---

[2] As referenced herein, the term "copyrights-in-suit" refers to the seven (7) copyright registrations identified in the Complaint, as follows: TX0009509700, TX0009509692, A0002449545, VA0002449526, VA0002449520, TX0009412695, and VA0002418589. *See* Doc. 1. at ¶¶154–225.

### A.  The Court Should Dismiss the Case for Lack of Personal Jurisdiction Under Fed. R. Civ. P. 12(b)(2)

Courts use a two-part analysis to determine whether personal jurisdiction over a defendant is proper. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265 (11th Cir. 1998). The first step is to determine whether the forum state's long-arm statute provides a basis for jurisdiction. *Id.* Then, the Court must determine whether there are sufficient minimum contacts between the forum state and the defendant to satisfy due process. *Id.*

### i.  General Personal Jurisdiction Does Not Exist.

The general jurisdiction provision of the Florida long-arm statute provides: "A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). As the Eleventh Circuit has explained, "[t]he reach of this provision extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment." *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010). Thus, "[w]ith respect to general jurisdiction under Florida's long-arm statute," the Court "need only determine whether the . . . exercise of jurisdiction over [Defendants] would exceed constitutional bounds." *Id.*

Plaintiff's own pleading shows that Defendants are Texas residents and entities operating out of Austin, Texas addresses. *See generally,* Doc. 1 at pp. 8–19. To be sure, the Complaint pleads that Wilson resides in Austin, Texas, *see e.g., id.* at ¶84; that

Defcad, Inc. is organized in Delaware and registered in Texas with an Austin address, *see e.g., id.* at ¶53; that Defense Distributed is a Texas nonprofit with an Austin address, *see e.g., id.* at ¶65; that DD Foundation LLC is a Texas limited liability company with an Austin address, *see e.g., id.* at ¶76; that Odom resides in Kingsbury, Texas, *see e.g., id.* at ¶94; and that Walliman resides in Arizona, *see e.g., id.* at ¶105. Thus, a majority of the Defendants are incorporated and headquartered in Texas, not Florida, and their operations in Florida, if any, are sporadic and limited. *See* Doc. 1, at ¶¶53– 118.

The Supreme Court has repeatedly rejected general jurisdiction based on nationwide business, sales, or mere registration to do business. *See generally Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417 (1984) (mere purchases in a forum state are insufficient to warrant exercise of general jurisdiction over a nonresident defendant); *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 586 (M.D. Fla. 1991) (under section 49.193(2), courts have not "evinced any willingness or rationale to find solicitation activities alone sufficient grounds for the assertion of general jurisdiction."); *Cf. Noury v. Vitek Mfg. Co.,* 730 F. Supp. 1573 (S.D. Fla. 1990) (defendants' activities sufficient for personal jurisdiction under 48.193(2) where defendants took telephone orders, shipped products that were used on a regular basis in Florida; defendants advertised in national trade journals, which defendants knew were circulated in Florida; and defendants conducted regular business conferences and conventions in Florida at which they distributed brochures).

None of these facts were pleaded, nor can they be inferred from the allegations in the Complaint. Instead, as set forth in the accompanying Declarations of Cody

Wilson (attached as **Exhibit A)** ("Wilson Decl."), Thomas Christopher Odom (attached as **Exhibit B**) ("Odom Decl."), and Garret Waliman (attached as **Exhibit C**) (Walliman Decl."), as the uncontroverted evidence that no continuous, systematic contacts exist that meet the demanding "at home" standard.

Because Defendants are not "at home" in Florida, general jurisdiction is lacking. *See generally,* Doc. 1, at ¶¶53–118. Plaintiff's conclusory assertions that Defendants engage in "substantial and not isolated" activity in Florida by operating websites accessible to Floridians and by selling memberships nationwide do not transform any Defendant into a Florida resident for general jurisdiction. *See* Odom

Concerning due process, courts may assert general jurisdiction over foreign corporations "to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011)(quoting I*nt'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement,* 326 U.S. 310, 311, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). However, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014).

"A corporation's place of incorporation and its principal place of business are 'paradigm all-purpose forums.'" *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015)(quoting Daimler, 571 U.S. at 137). "Outside of these two

exemplars, a defendant's operations will be so substantial and of such a nature as to render the corporation at home in that State only in an exceptional case." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1317 (11th Cir. 2018)(quotation omitted).

Because online copyright infringement may not always be dependent a sale of goods, where the allegedly infringing use involves a website selling a defendant's goods, trademark infringement cases, in which jurisdiction is more clearly established when there has been a sale of goods to the forum state, are illustrative. *See, e.g., Vital Pharm., Inc. v. Bang Diamonds LLC*, No. 22-cv-60155, 2022 U.S. Dist. LEXIS 156380, at *3-4 (S.D. Fla. Aug. 29, 2022) (Finding no personal jurisdiction in a trademark infringement case based on defendant's lack of any sales to Florida and lack of any other ties to Florida, despite "Defendant's website, which is accessible in Florida, and which offers shipping of Defendant's products "within all 48 contiguous states within the United States."). The *Louis Vuitton* court stated that the mere operation of a website accessible in the forum state by itself did not give rise to purposeful availment, but rather, it was the defendant's other contacts with Florida established through selling infringing goods via the defendant's website to Florida consumers that established jurisdiction under this part of the due process analysis. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339 (11th Cir. 2013).

Applying the authorities above, Plaintiff's claim does not arise from any Florida conduct on the part of Defendants. *See* Ex. A, Wilson Decl. at ¶¶3–8; Ex. B, Odom Decl. at ¶¶2–8; Ex. C, Walliman Decl. at ¶¶2–6. None of the Defendants owns property or conducts business in Florida, and none of them engaged in any activity in

Florida.  *See* Ex. A, Wilson Decl. at ¶¶2–6; Ex. B, Odom Decl. at ¶2; Ex. C, Walliman Decl. at ¶¶2; *see also Wood v. Netflix, Inc.,* 2025 U.S. Dist. LEXIS 55723, at *18-*19 (finding that plaintiff did not establish purposeful availment under traditional minimum contacts test where defendant's allegedly tortious conduct occurred outside of Florida and defendant's contacts with Florida were not sufficiently related to the cause of action).

Plaintiff also has not demonstrated that Defendants should have reasonably anticipated being sued in Florida. *See Wood*, 2025 U.S. Dist. LEXIS 55723, 2025 WL 918078 at *19 (Florida was not a "predictable forum" for defendant who did not live in Florida, have a Florida driver's license or bank account, or engage in substantial activity in Florida, and who recorded the allegedly defamatory video in Washington, D.C.); *Instabook Corp. v. Instantpublisher.com*, 469 F. Supp. 2d 1120, 1127 (M.D. Fla. 2006) (concluding a lack of personal jurisdiction where plaintiff failed to establish the requisite minimum contacts based on the defendant's operation of an interactive website accessible in Florida and sales to only two Florida residents).

Further, Plaintiff does not allege that Defendants targeted their activities in Florida. Indeed, Plaintiff claims that Defendants uploaded and/or caused the copyrights-in-suit to be uploaded to Defcad.com. Doc. at ¶¶155–226; *see also Wood,* 2025 U.S. Dist. LEXIS 55723, at *20 (finding plaintiff could not satisfy effects test where he acknowledged the defendant "produces a YouTube channel that is broadcast in Florida as well as nationally"). Additionally, nothing about Defcad.com indicates that it is a website directed at Florida rather than a national audience. Doc. at ¶¶155–

12

226; *Moore*, 109 F.4th at 1364 (noting Alabama was not the focal point of social media posts calling a U.S. Senator a "child predator" and therefore effects test was not satisfied).

### ii.  Specific Jurisdiction Does Not Exist.

Plaintiff has also failed to establish specific personal jurisdiction. Florida's long-arm statute provides in relevant part:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
> 1.  Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> 2.  Committing a tortious act within this state [..].

Fla. Stat. § 48.193(1)(a). If the long-arm statute is satisfied, the Court must next determine whether the exercise of specific jurisdiction over Defendants comports with due process. To make this determination, the Court must apply a three-part test examining whether (1) the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) the defendant "purposefully availed" itself of the privilege of conducting activities within the forum state; and (3) the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013).

The Complaint "fails to allege a single incident or action connecting Defendants to the forum jurisdiction pursuant to the provisions set forth in Florida's long-arm statute," such as an allegation that Defendants "transacted business in the State of

Florida," "contracted to supply services or conduct business in the State of Florida," "caused tortious injury in [] Florida by virtue of an act or omission in the forum or outside the forum," or "engaged in a persistent course of conduct, derived substantial revenue from goods used or consumed, or rendered any services in [] Florida."  Based on the lack of these allegations, the Court lacks specific jurisdiction over Defendants.

### iii.    Exercising Personal Jurisdiction Would Offend Traditional Notions of Fair Play and Substantial Justice.

Finally, exercising personal jurisdiction over Defendants would offend fair play and substantial justice. Courts within the Eleventh Circuit look to the following five factors in determining if jurisdiction over a non-resident defendant will violate traditional notions of fair play and substantial justice: "(1) 'the burden on the defendant;' (2) 'the forum State's interest in adjudicating the dispute;' (3) 'the plaintiff's interest in obtaining convenient and effective relief;' (4) 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies;' and (5) any 'shared interest of the several States in furthering substantive social policies.'" *VAS Aero Servs., LLC v. Arr*oyo, 868 F. Supp. 2d 1374, 1380-81 (S.D. Fla. 2012) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)).

As Defendants contend, they would face a substantial burden if forced to litigate in Florida. Defendants reside in Texas and Arizona, do not own property in Florida, and do not travel to Florida for work. *See* Ex. A, Wilson Decl. at ¶¶2–7; Ex. B, Odom Decl. at ¶¶2, 5; Ex. C, Walliman Decl. at ¶¶2, 5; *see also Vision Media TV Grp., LLC v. Forte*, 724 F. Supp. 2d 1260, 1267 (S.D. Fla. 2010) (recognizing the high burden put

on North Carolina defendants to defend a case in Florida). Thus, these Texas-based

Defendants would face a substantial burden if forced to litigate in Florida.

> **B.    Alternatively, the Court Should Dismiss the Case for Improper Venue Under Rule 12(b)(3) under the Corporate Venue Statute Under 28 U.S.C § 1400(a).**

Venue in a suit for copyright infringement is governed exclusively by 28 U.S.C.

§ 1400(a), which reads as follows:

> Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found.

*See also Droke House Publrs., Inc. v. Aladdin Distrib. Corp.*, 352 F. Supp. 1062, 1065 (N.D.

Ga. 1972) (applying 28 U.S.C.S. §1400(a) to copyright infringement cases for

jurisdiction and venue purposes).

Regarding corporations, the word "resides" is not to be given the broad

definition contained in the general venue statute 28 U.S.C. § 1391(c), but means only

the place of incorporation. *Id.* It is not disputed that Defendants are based in Texas

and Arizona. In order for the venue to lie in this District, it must be shown that the

Defendants committed acts of infringement in this District and that it has a regular

and established place of business here.

As shown above, the Defendants are not subject to personal jurisdiction in the

Middle District of Florida, they are not residents for purposes of § 1400(a) and venue

would be improper.

### C. Alternatively, the Court Should Dismiss the Case for Improper Venue for Forum *Non Conveniens*.

A forum *non conveniens* dismissal is appropriate where: (1) the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties; (2) the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiff's initial forum choice; (3) if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and (4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience of prejudice.

This case could have been brought in the Western District of Texas (Austin Division). As discussed above, Wilson resides in Austin, Texas; DEFCAD, Inc. identifies Austin mailing and agent addresses; Defense Distributed is a Texas nonprofit with an Austin address; DD Foundation LLC is a Texas LLC with an Austin address; Odom resides in the Austin region; and Walliman resides in Arizona. *See* Ex. A, Wilson Decl. at ¶¶2–8; Ex. B, Odom Decl. at ¶2; Ex. C, Walliman Decl. at ¶2. The core conduct alleged in the Complaint—the operation, administration, and curation of files for Defcad.com and the Legio membership program—is centered in the Austin area. *See* Ex. A, Wilson Decl. at ¶19; Ex. B, Odom Decl. at ¶15; Ex. C, Walliman Decl. at ¶15.  The Western District of Texas is, therefore, a proper forum.

The private-interest factors strongly favor a transfer. The parties' convenience weighs heavily in favor, as five of the six Defendants are in Texas and the sixth is in Arizona. *See* Ex. A, Wilson Decl. at ¶¶2–8; Ex. B, Odom Decl. at ¶¶2; Ex. C, Walliman Decl. at ¶2. The convenience of witnesses weighs in the same direction because the decision-makers, employees, and contractors responsible for the alleged uploads, curation, and website operations are concentrated in or near Austin, including Wilson and Odom, as well as any staff employed by the entity Defendants. *See* Ex. A, Wilson Decl. at ¶¶8, 13, 15 and 20; Ex. B, Odom Decl. at ¶¶6, 10, 12 and 16; Ex. C, Walliman Decl. at ¶¶6, 9, 15.

The location of documents and sources of proof is likewise centered in Texas, including servers, business records, membership records, and communications related to the alleged uploads and reviews. *See* Ex. A, Wilson Decl. at ¶¶14, 19; Ex. B, Odom Decl. at ¶¶11, 15; Ex. C, Walliman Decl. at ¶2. The operative facts are in Texas because the alleged infringement flows from decisions, operations, and activities directed from Austin. *See* Doc. 1, at ¶¶154–225. Florida has little connection other than the Plaintiff's residence and a single download he associates with a Florida computer. *Id* at ¶ 225.

The public interest factors also favor transfer. Both forums are familiar with federal copyright law, but Texas has a stronger local interest in adjudicating disputes involving Texas-based entities, residents, and websites alleged to be operated from Austin. Concentrating the case near the locus of operations facilitates efficient judicial management, particularly for discovery disputes, protective orders, and any inspection

17

of local systems. Any marginal difference in docket congestion does not overcome the substantial convenience benefits of transfer.

While the Middle District of Florida is capable of interpreting state law, Texas law applies to determining whether the 'alter ego theory' applies here. To this end, the Western District of Texas is a suitable forum because it is familiar with the applicable alter ego principles for Texas-based entities. *See* Tex. Bus. Org. Code § 1.105 (applying the definition of an entity's "internal workings" under Texas law of a Texas business entity).

### D.  Dismissal is Warranted to Prevent Claim-Splitting Under Rule 12(b)(6).

It is well settled that a plaintiff "may not file duplicative complaints in order to expand their legal rights." *Curtis v. Citibank*, 226 F.3d 133, 140 (2d Cir. 2000). Such a policy ensures that a plaintiff may not "split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails." *Stark v. Starr, 94* U.S. 477, 485, 24 L. Ed. 276 (1876). The effect of this restriction is twofold: to ensure fairness to litigants and to conserve judicial resources. *See, e.g., Borrero v. United Healthcare of New York Inc.*, 610 F.3d 1296, 2010 U.S. App. LEXIS 13738, *9-11 (11th Cir. July 6, 2010) (discussing related doctrine of claim preclusion and its judicial purpose).

According to the claim splitting doctrine, a district court has, as part of its inherent power over its docket administration, the authority to stay or dismiss a suit that is duplicative of another case then pending in federal court. *Curtis*, 226 F.3d 133 at 138; *Zephyr Aviation III, L.L.C.* v. *Keytech Ltd.*, No. 07-227, 2008 U.S. Dist. LEXIS

18

21944, (M.D. Fla. Mar. 20, 2008) (discussing claim-splitting in context of 11th Circuit). To determine whether such duplicative claim-splitting has occurred, courts borrow from the doctrine of claim preclusion and permit the later-filed suit to be dismissed if it 1) involves the same parties or their privies; and 2) arises out of the same transaction or series of transactions as the first suit. *Zephyr Aviation III, LLC*, 2008 U.S. Dist. LEXIS 21944, *1 n.4.

Both standards have been met. Here, Plaintiff acknowledges a related, earlier-filed case in this District between Plaintiff and certain of the 3 out of 6 Defendants involving alleged infringements of some of the same works (i.e., TX 0009412695, VA 002418589). Doc. 1 at ¶¶2–7. Maintaining two overlapping suits in the same court risks inconsistent rulings and duplicative burdens. Further, Plaintiff's own allegations confirm that the asserted infringements involve the same websites, the same business model, and the same alleged actors and decision-makers. *id*. Thus, in the interests of judicial economy and consistency, this later-filed action should be dismissed or stayed until resolution of the first action.

### E.    If the Case is Retained, the Court Should Grant Rule 12(b)(6) Dismissals

The Complaint fails to state factual allegations to support Plaintiff's copyright infringement as to DD Foundation, LLC, and the Individual Defendants: Odom, Walliman, and Wilson for copyright infringement. To establish a prima facie claim of copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996) (citations omitted).

However, the Complaint pleads "on information and belief" that DD Foundation LLC "took part in and shared in the profits" of infringement, but supplies no concrete facts showing volitional acts, distribution, reproduction, or specific involvement tied to the asserted works. Doc. 1 at ¶237 (a)–(e);  *see id.* Profit sharing, without factual allegations of direct infringement or actionable secondary liability, is insufficient to state a claim. *See Disney Enters., Inc. v. Hotfile Corp.*, 798 F. Supp. 2d 1303, 1310 (S.D. Fla. 2011) ("[T]o allege a **claim** for vicarious infringement, a plaintiff must allege that the defendant infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit."). Thus, dismissal is warranted as to DD Foundation, LLC under Rule 12(b)(6).

As for the individual defendants, Odom and Walliman, the allegations fare no better and primarily rest on role-based responsibilities (review, curation, ability to remove) and generalized group pleading that "it was" Odom/Walliman/Wilson who "made available" files, without particularized facts of volitional conduct by each individual tied to each work. *See* Doc. 1, at ¶¶ 152, 153, and 222. Threadbare assertions that someone "uploaded or caused the uploading" are insufficient absent factual detail about the who, what, when, where, and how as to each defendant for each alleged infringement. *See, Twombly*, 550 U.S. at 555.

Further, as to Mr. Wilson and Plaintiff's "Alter Ego" theory, these allegations must be dismissed because the Complaint insufficiently alleges that the Defendant Entities are "mere instrumentalities" or were acting as an "alter ego" as a single business enterprise.  *See* Doc. 1 at 12.   In interpreting whether an "alter ego" status

20

exists between these Texas-based entities, Texas law applies. Texas law regarding "alter ego" status is well-established and strict. *See, e.g., JNM Express, LLC v. Lozano*, 688 S.W.3d 327, 335 (Tex. 2024). It has "never held corporations liable for each other's obligations merely because of centralized control, mutual purposes, and shared finances." SSP *Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 455 (Tex. 2008). Instead, there "must be something more than mere unity of financial interest, ownership, and control." *Lucas v. Tex. Indus., Inc.*, 696 S.W.2d 372, 374 (Tex. 1984).

"Alter ego is shown from the total dealings of the corporation and the individual, including the degree to which corporate formalities have been followed and corporate and individual property have been kept separately; the amount of financial interest, ownership, and control the individual maintains over the corporation; and whether the corporation has been used for personal purposes." *Durham v. Accardi*, 587 S.W.3d 179, 185 (Tex. App. 2019). "Evidence that will support an alter ego finding includes (1) the payment of alleged corporate debts with personal checks or other commingling of funds, (2) representations that the individual will financially back the corporation, (3) the diversion of company profits to the individual for the individual's personal use, (4) inadequate capitalization, and (5) any other failure to keep corporate and personal assets separate*." Id.* None of that has been pleaded here.

Under this strict legal test, Plaintiffs' complaint suffers from a woeful lack of sufficient alter ego allegations. The complaint's only significant basis for asserting alter ego status is the alleged overlap in personnel. Doc. 1 at ¶15, 16. Yet no Texas precedent upholds an alter ego finding on such slim allegations. *Durham,* 587 S.W.3d

at 185. To the contrary, Texas courts have long held that an "individual's role as an officer, director, or majority shareholder of an entity alone is not sufficient to support a finding of alter ego." *Endsley Elec., Inc. v. Altech, Inc.,* 378 S.W.3d 15, 24 (Tex. App. 2012) (recognizing that "there must be something more than mere unity of financial interest, ownership, and control for a court to treat an officer, director, or shareholder as the corporation's alter ego and make an officer, director, or shareholder liable for the corporation's actions" (citation omitted")). The Court should follow *Durham* here and deem the complaint's alter ego allegations insufficient as a matter of law. *See Durham,* 587 S.W.3d at 185.

In an attempt to allege alter ego jurisdiction over the Defendant Entities, Plaintiff relies on conclusory alter-ego allegations (e.g., "complete control," "corporate shell game") and historic acts untethered to the claimed infringements, which do not plausibly state direct infringement by Mr. Wilson or justify veil-piercing. *See* Doc. 1, at ¶ 55. The Complaint also fails to establish how the Defendant Entities were used as a "single business enterprise" for an improper purpose in connection with the copyrights-in-suit. This falls short of establishing that the Defendant Entities were acting as a "mere instrumentality" or "alter ego" for the Defendant Entities to conduct themselves as a "single business enterprise," as is required to survive Defendants' 12(b)(6) Motion. Thus, the Complaint should be dismissed on this basis as well.

## F.    If the Case is Retained, the Court Should Grant Rule 12(f) Strikes.

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

328491475v.1

matter," and grants courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005) (citing Williams v. Eckerd Family Youth Alt., 908 F. Supp. 908, 910 (M.D. Fla. 1995)). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal quotation and citation omitted); *Action Nissan, Inc. v. Hyundai Motor Am.*, 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (same); *see also Home Mgmt. Sols. v. Prescient, Inc.*, 2007 U.S. Dist. LEXIS 61608, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 21, 2007) (same).

Despite the Court's broad discretion, a motion to strike is considered a drastic remedy and is often disfavored. *See Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)); *Fabing v. Lakeland Reg'l Med. Ctr., Inc.*, 2013 U.S. Dist. LEXIS 20840, 2013 WL 593842, at *2 n.2 (M.D. Fla. 2013) (calling Rule 12(f) a "draconian sanction"). Striking portions of the Complaint are warranted here.

The Complaint includes numerous allegations that are immaterial to copyright infringement elements and highly prejudicial, such as historical "cryptocurrency" transfers, a Florida Bar complaint, and an alleged "death threat." *See* Doc. 1 at ¶¶ 31– 52, and 236(a). These are offered to inflame and are not necessary to plead ownership,

23

registration, volitional copying, or damages. *See Bateman v. Mnemonics, Inc.*, 79 F.3d at 1541. The Court should strike these allegations under Rule 12(f).

## V.    CONCLUSION

The Court should dismiss the Complaint under Rule 12(b)(2) for lack of personal jurisdiction over each Defendant and under Rule 12(b)(3) and § 1406(a) for improper copyright venue in the Middle District of Florida. In the alternative, the Court should transfer this action to the Western District of Texas under § 1404(a), where the vast majority of parties and witnesses reside and where the alleged operative facts occurred. Independently, and regardless of the Court's rulings on jurisdiction and venue, the Court should dismiss the claim against DD Foundation LLC, and the individual defendants, Cody Rutledge Wilson, Thomas Christopher Odom, and Garrett Waliman, under Rule 12(b)(6) for failure to state a claim.

The Court should also dismiss this later-filed action to prevent claim-splitting in light of Plaintiff's pending earlier case involving overlapping parties, works, and operative facts, and for such other and further relief the Court deems just and proper.

### <u>CERTIFICATE OF GOOD FAITH CONFERENCE<br>PURSUANT TO  LOCAL RULE 3.01(g)</u>

Pursuant to M.D. Fla. Rule 3.01(g), on Tuesday, January 20, 2026, the undersigned conferred with Plaintiff's Counsel prior to filing the instant motion with the Court by phone.  Plaintiff's Counsel is opposed to the relief sought in the motion.

Dated: January 20, 2026                    Respectfully submitted,

**WILSON ELSER MOSKOWITZ**

**EDELMAN& DICKER LLP**

By:    *s/Leia V. Leitner*
_____
Leia V. Leitner
Florida Bar No:  105621
111 North Orange Avenue
Suite 1200
Orlando,  FL  32801
Telephone:        407-423-7287
Facsimile: 407-648-1376
Leia.Leitner@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

Jura C. Zibas
Florida Bar No:  124571
Amaris C. Gyebi, Esq.
Florida Bar No:  1019361
2063 Main Street - Suite 100
Sarasota, FL 34237
Telephone:941-866-8561
Facsimile: 941-210-5979
Jura.Zibas@wilsonelser.com
Amaris.Gyebi@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

*Limited Appearance on behalf of Defendants*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the **20th** day of **January, 2026**, a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the  CM/ECF E-Filing Portal, which will serve an electronic copy of the foregoing on the following: Zachary Z. Zermay, Esq., Florida Bar No:  1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040;    Telephone:    305-767-3529;    Zach@Zermaylaw.com    and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas  77002, Telephone:  713-364-6440, CF@ChadFlores.law;        chad-flores-7646@ecf.pacerpro.com        and service@chadflores.law.

*s/Leia V. Leitner*
_____
Leia V. Leitner

328491475v.1