# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE,   CASE №: 6:25-cv-02112

    *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, DD FOUNDATION LLC, THOMAS CHRISTOPHER ODOM, and GARRET WALLIMAN,

    *Defendants*.

_____/

### DECLARATION OF CODY R. WILSON IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER VENUE TO THE WESTERN DISTRICT OF TEXAS

I, Cody Rutledge Wilson, declare pursuant to 28 U.S.C. § 1746 as follows:

    1.    I am a named defendant in the above-captioned action pending in the United States District Court for the Middle District of Florida, Orlando Division, Case No. 6:25-cv-2112. I make this declaration of my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

    2.    I reside in Austin, Texas. I have resided in Texas for many years. I do not maintain a residence in the State of Florida.

328293994v.1

3. I am associated with several Defendant Entities in this case, including DEFCAD Inc., Defense Distributed, and DD Foundation, LLC ("Defendant Entities").

4. To my knowledge, DEFCAD Inc. lists its principal address or mailing address at 2320 Donley Drive, Suite C, Austin, Texas 78758, and Defense Distributed is a Texas nonprofit with a mailing and registered address at the same Donley Drive location in Austin, Texas 78758.

5. To my knowledge, DD Foundation LLC lists a Texas address at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

6. To my knowledge, none of the Defendant Entities maintains offices, facilities, or registered agents in Florida, and I am not aware of any employees of the Defendant Entities who are located in Florida. Operations for the Defendant Entities referenced in the Complaint are centered in Texas, including in Austin.

7. I do not regularly travel to Florida for business on behalf of the Defendant Entities in connection with the matters alleged in the Complaint, and I have not directed any Florida-specific business campaigns or Florida-targeted advertising for the accused activities in the Complaint. The websites referenced in the Complaint (including defcad.com and ddlegio.com) are generally accessible online and are not targeted specifically or uniquely to Florida.

8. The allegations in this case arise out of conduct that, to my understanding, occurred in Texas, where the relevant personnel, facilities, and systems are located, and where the relevant business decisions were made. The documents,

data, and most witnesses with knowledge regarding the operation, administration, and content decisions for the websites and posts identified in the Complaint are located in Texas, including in Austin.

9. Plaintiff Matthew Larosiere pleads that he is a citizen and resident of Florida and alleges jurisdiction and venue in this Court. I understand from the Complaint and civil cover sheet that Plaintiff resides in Orange and Palm Beach Counties, Florida, and filed this action in the Middle District of Florida, Orlando Division.

10. I understand the Complaint asserts personal jurisdiction over the other defendants under Florida's long-arm statute, and I base this on the online accessibility of content and alleged sales that could be accessed or purchased by Floridians.

11. My activities and the Defendant Entities' activities relevant to the allegations were not expressly aimed at Florida as a forum and were not purposefully directed to Florida rather than the rest of the United States.

12. I have not consented to jurisdiction in Florida for the claims alleged in this case, and I do not have continuous and systematic contacts with Florida that would render me at home there. My domicile is in Texas, and my business-related work relevant to the allegations is based there.

13. If the Court declines to dismiss for lack of personal jurisdiction, transfer to a Texas forum would be substantially more convenient for parties and witnesses and would promote the interests of justice. The Defendants and key third-party

witnesses identified or implicated by the Complaint are in Texas, and the business addresses and operational centers mentioned in the Complaint are in Texas.

14. In particular, Defense Distributed's and DEFCAD's mailing and registered addresses are in Austin, Texas, and personnel identified in the Complaint (including Thomas Odom and Garrett Walliman[1]) all largely reside in Texas. Relevant records, communications, and technical infrastructure concerning the websites and posts identified in the Complaint are in Texas.

15. I respectfully submit that the Middle District of Florida is a substantially less convenient forum for the Defendants than a Texas federal court. A transfer to the Western District of Texas would reduce travel burdens for Texas-based parties and witnesses and place the case closer to the Texas-based operational and evidentiary centers identified in the pleadings.

16. If this action proceeds in the Middle District of Florida, my participation will require repeated long-distance travel from Texas for depositions, hearings, and trial. Each such appearance would require multiple days away from my regular work responsibilities and materially disrupt my ability to perform ongoing technical and operational duties that cannot be fully delegated or performed remotely.

17. By contrast, proceedings in the Western District of Texas would allow my participation with minimal travel and substantially less disruption. Hearings and

---

[1] Upon information and belief, George Walliman resides in Apache Junction, Arizona.

4

other in-person proceedings could be attended without air travel and without extended absences from work, reducing both time and expense.

18. The same considerations apply to other individuals with material knowledge of the facts at issue. The relevant technical personnel, developers, and system administrators are located in Texas and perform their work there continuously. Requiring those individuals to appear in Florida would impose substantial travel burdens and interfere with their day-to-day responsibilities, while proceedings in Texas would permit their participation with far less disruption.

19. Relevant records, data, and technical systems are maintained in Texas and are administered by Texas-based personnel. Although certain materials can be produced electronically, an effective explanation of those materials often requires access to live systems, logs, and locally maintained development environments. Litigating this action in Texas would materially simplify access to those sources of proof and the ability to explain them in person.

20. From a practical standpoint, litigating this action in Texas would reduce the overall burden on parties and witnesses, streamline access to evidence, and minimize unnecessary expense and disruption. Those efficiencies would not be realized if the case remains in Florida, where nearly all in-person proceedings would require long-distance travel for the individuals with the most direct knowledge of the issues in dispute.

5

328293994v.1

21. I make this declaration to support Defendants' motion to dismiss for lack of personal jurisdiction and, in the alternative, to transfer venue to the Western District of Texas.

Executed on ___1/18/2026_____, in Austin, Texas.

FURTHER AFFIANT NAUGHT SAYETH

DocuSigned by:

*Cody Wilson*

6B0DE71B689E4D8...
_____
CODY RUTLEDGE WILSON

6

328293994v.1