# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE,   CASE №: 6:25-cv-02112

    *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, DD FOUNDATION LLC, THOMAS CHRISTOPHER ODOM, and GARRET WALLIMAN,

    *Defendants*.

_____/

**DECLARATION OF THOMAS CHRISTOPHER ODOM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER VENUE TO THE WESTERN DISTRICT OF TEXAS**

I, Thomas Christopher Odom, declare pursuant to 28 U.S.C. § 1746 as follows:

    1.    I am a defendant named in the above-captioned action pending in the United States District Court for the Middle District of Florida, Orlando Division, Case No. 6:25-cv-2112. I make this declaration based on my personal knowledge, and if called as a witness, I could and would testify competently to the facts stated herein.

    2.    I reside in Austin, Texas. I have resided in Texas for many years, and I do not maintain a residence in the State of Florida.

    3.    I am associated with certain Defendant Entities in this case. In particular, I am employed by Defense Distributed and have also assisted with DEFCAD, Inc. in Texas. My work for these entities is based in Texas.

    4.    To my knowledge, none of the defendant entities maintains offices, facilities, or a registered agent in Florida, and I am not aware of any employees of the defendant entities

328281292v.1

who are located in Florida in connection with the matters alleged in the Complaint. The operations for the Defendant Entities referenced in the Complaint are centered in Texas, including in Austin.

5. I do not regularly travel to Florida for business on behalf of the defendant entities in connection with the matters alleged in the Complaint, and I have not directed any Florida-specific business campaigns or Florida-targeted advertising for the conduct alleged in the Complaint. The websites referenced in the Complaint (including, without limitation, defcad.com and ddlegio.com) are generally accessible online and are not targeted specifically or uniquely to Florida.

6. Based on my understanding, the allegations in this case arise from conduct that occurred in Texas, where the relevant personnel, facilities, systems, and decision-makers are located. Documents, data, and most witnesses with knowledge regarding the operation, administration, and content decisions for the websites and posts identified in the Complaint are located in Texas, including in Austin.

7. I understand that Plaintiff alleges he is a Florida resident and asserts personal jurisdiction over the Defendants under Florida's long-arm statute based in part on the online accessibility of content and alleged sales.

8. My activities and the entities' activities relevant to the allegations were not expressly aimed at Florida as a forum and were not purposefully directed to Florida as opposed to the rest of the United States.

9. I have not consented to personal jurisdiction in Florida for the claims alleged, and I do not have continuous or systematic contacts with Florida that would render me at

home there. My domicile is in Texas, and my business activities relevant to the allegations are based in Texas.

11. 10. If the Court declines to dismiss for lack of personal jurisdiction, transferring this action to a Texas forum would be substantially more convenient for the parties and witnesses and would promote the interests of justice. The Defendants and key third-party witnesses identified or implicated by the Complaint are in Texas, and the business addresses and operational centers are in Texas.

11. In particular, Defense Distributed's and DEFCAD Inc.'s mailing and registered addresses are in Austin, Texas, and personnel identified in the pleadings, including me, reside in Texas. Relevant records, communications, and technical infrastructure concerning the websites and posts identified in the Complaint are in Texas.

12. I respectfully submit that the Middle District of Florida is a substantially less convenient forum for the Defendant Entities and for me than a Texas federal court. A transfer to the Western District of Texas would reduce the travel burden on Texas-based parties and witnesses and place the case closer to the Texas-based operational and evidentiary centers for the matters alleged.

13. If this action proceeds in the Middle District of Florida, my participation would require repeated long-distance travel from Texas for depositions, hearings, and trial. Each such appearance would require multiple days away from my regular work responsibilities and materially disrupt my ability to perform ongoing technical and operational duties that cannot be fully delegated or performed remotely.

14. By contrast, proceedings in the Western District of Texas would allow my participation with minimal travel and substantially less disruption. Hearings and other in-

3

328281292v.1

person proceedings could be attended without air travel and without extended absences from work, reducing both time and expense.

15. Relevant records, data, and technical systems are maintained in Texas and are administered by Texas-based personnel. Although certain materials can be produced electronically, an effective explanation of those materials often requires access to live systems, logs, and locally maintained development environments. Litigating this action in Texas would materially simplify access to those sources of proof and the ability to explain them in person.

16. From a practical standpoint, litigating this action in Texas would reduce the overall burden on parties and witnesses, streamline access to evidence, and minimize unnecessary expense and disruption. Those efficiencies would not be realized if the case remains in Florida, where nearly all in-person proceedings would require long-distance travel for the individuals with the most direct knowledge of the issues in dispute.

17. I make this declaration to support Defendants' motion to dismiss for lack of personal jurisdiction and, in the alternative, to transfer venue to the Western District of Texas. I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___1/18/2026___, 2026, at Austin, Texas.

FURTHER AFFIANT NAUGHT SAYETH

Signed by:
_____
THOMAS CHRISTOPHER ODOM