UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:25-cv-2112-CEM-NWH

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, DD FOUNDATION LLC, THOMAS CHRISTOPHER ODOM, AND GARRET WALLIMAN,

*Defendants*.

_____/

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' AMENDED MOTION TO DISMISS, OR TRANSFER, AND MOTION TO STRIKE (Doc. 28)

Plaintiff Matthew Larosiere opposes Defendants' Amended Motion to Dismiss, Transfer, and Strike. Doc. 28. The Motion should be denied in full. At a minimum, the Court should permit limited jurisdictional discovery rather than dismissing or transferring based on Defendants' self-serving declarations.

## INTRODUCTION AND SUMMARY OF ARGUMENTS

Defendants ask this Court to treat a Florida plaintiff's confirmed Florida purchase-and-download of Defendants' infringing copies as legally irrelevant   while simultaneously insisting that Florida is an "unpredictable forum" for Defendants' distribution scheme, despite Defendants litigating similar conduct in this very Court.

1

The Motion should be denied. The Complaint alleges (and Defendants do not truly rebut at this stage) that Plaintiff— a Florida resident—accessed Defendants' online platforms and downloaded infringing files from a computer located in Florida, injuring Plaintiff in Florida. (Doc. 1 at ¶¶ 8, 166, 208, 212). Those allegations are more than sufficient to establish a prima facie case of specific jurisdiction under Florida's long-arm statute and due process. Where, as here, Defendants submit declarations disputing contacts, the Court must construe conflicts in the evidence in Plaintiff's favor at the pleading stage. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).

Venue is proper in this District for the same reason: for copyright claims, venue lies in any district where the defendant "may be found," which the Eleventh Circuit construes to mean any district where the defendant is subject to personal jurisdiction. *Palmer v. Braun*, 376 F.3d 1254, 1259–60 (11th Cir. 2004). Defendants' transfer request fails because it ignores the deference owed to Plaintiff's chosen forum and the strong judicial-economy reasons to keep this related dispute in the same Court already handling the closely related *Larosiere v. Wilson*, 6:24-cv-01629 (hereinafter "the First Action"). *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).

Finally, Defendants' claim-splitting and Rule 12(f) arguments are improper. The Complaint pleads exclusively actions post-dating the close of pleadings in the First Action. (Doc. 1 at ¶ 2). Defendants' request to excise allegations tied to willfulness, profits, and alter-ego theories is the type of drastic remedy disfavored

2

under Rule 12(f). *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962).

**ARGUMENT**

## I.  THE RULE 12(b)(2) MOTION SHOULD BE DENIED

At the outset, Defendants' argument that Defendants could not have anticipated being sued in Florida for this conduct is unserious. (Doc. 28 at 12). Defendants and their common principal were most assuredly on notice that they may face suit in Florida for the actions in the instant complaint, as they have already been sued in Florida for similar prior conduct. (Doc. 1 at ¶ 2).

### A.  LEGAL STANDARD

In a complaint, Plaintiff need only establish a *prima facie* case of jurisdiction. *Mazer*, 556 F.3d at 1274. When a defendant challenges personal jurisdiction "by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990) (cleaned up). The burden, however, does not shift back to the plaintiff when "the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir.2006).

### B.  FLORIDA'S LONG-ARM STATUTE IS SATISFIED BECAUSE DEFENDANTS COMMITTED TORTIOUS ACTS IN FLORIDA THROUGH ONLINE INFRINGEMENT ACCESSED IN FLORIDA

Florida's long-arm statute reaches defendants who commit a tortious act within Florida. Fla. Stat. § 48.193(1)(a)(2). For online conduct, Florida courts hold that posting material accessible in Florida constitutes committing a tortious act in

3

Florida where the material is accessed in Florida. *Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1203 (Fla. 2010). Likewise, telephonic communications directed into Florida that cause injury in Florida satisfy the statute. *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002).

The Complaint alleges that Plaintiff accessed Defendants' platforms and downloaded infringing content from a computer in Orange County, Florida. (Doc. 1 at ¶¶ 166, 208, 212). That is sufficient at this stage, and Defendants' self-serving affidavits do not rebut it, but instead suggest "to [the] knowledge" of the affiants that they did not direct their conduct into Florida and would much prefer the action be in Texas. (Doc. 28-1 through -3). This is insufficient.

### C. DUE PROCESS IS SATISFIED BECAUSE DEFENDANTS PURPOSEFULLY AVAILED THEMSELVES OF FLORIDA AND THE CLAIMS ARISE FROM HARM THAT OCCURRED IN FLORIDA

Here, the Complaint alleges Defendants operate subscription-based platforms through which Defendants distribute the infringing files and derive revenue; and Plaintiff's Florida-access to and download of the infringing material is part of the operative infringement. Defendants cannot defeat specific jurisdiction by saying the websites are "not targeted specifically or uniquely to Florida." (Doc. 28-2). On the contrary, commercial exploitation of a forum through an interactive, revenue-generating website supports purposeful availment where the defendant conducts business with forum residents and the cause of action arises from those transactions. *Mosseri*, 736 F.3d at 1356–57.

4

Additionally, even under the intentional-tort "effects" framework, where the defendant's intentional conduct is aimed at the forum and causes injury there, jurisdiction is proper. *Calder v. Jones*, 465 U.S. 783, 789–90 (1984); *Licciardello v. Lovelady*, 544 F.3d 1280, 1285–88 (11th Cir. 2008). The Complaint alleges deliberate choices by Defendants regarding distribution of Plaintiff's works and new conduct after the first suit, culminating in a distinctly foreseeable Florida injury. Especially where, as here, Defendants were on notice of the similar Florida-injury their conduct is alleged to have previously caused.

### D. DEFENDANTS' DECLARATIONS HAVE NOT COUNTERED THE JURISDICTIONAL ALLEGATIONS IN THE COMPLAINT

Defendants' declarations assert only limitedly to the "knowledge" of the individual declarants that they reside outside Florida, maintain operations in Texas, and do not specifically target Florida. But those statements do nothing to negate the Complaint's core, jurisdictionally relevant allegations that Defendants distributed infringing files through their websites, and that these files were indeed accessed and downloaded in Florida.

Moreover, Defendants' own prior sworn positions in the First Action confirm the operational reality of these platforms and Defendants' legal responsibility for them—evidence the Court may consider at minimum for context and credibility when assessing competing jurisdictional presentations. For example, Cody Wilson previously declared that "DEFCAD" is the website hosting the allegedly infringing

contend and that the DEFCAD website "has always belonged to Defense Distributed and its subsidiary, Defcad, Inc." *Larosiere v. Wilson*, 6:24-cv-01629 (Doc. 74-1).

### E. AT MINIMUM, PLAINTIFF IS ENTITLED TO JURISDICTIONAL DISCOVERY

If the Court concludes the record is insufficient at this stage, the Eleventh Circuit recognizes that limited jurisdictional discovery is warranted where the facts are genuinely in dispute and discovery could materially affect the jurisdictional analysis. *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984).

## II. VENUE IS PROPER IN THIS COURT

For copyright actions, venue lies "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). The Eleventh Circuit holds that a defendant "may be found" in any district where the defendant is subject to personal jurisdiction. *Palmer*, 376 F.3d at 1259–60. Because Plaintiff has adequately alleged specific personal jurisdiction for the reasons above—especially Florida-based access/download of infringing content   venue is proper here.

## III.    DEFENDANTS' § 1404(a) REQUEST SHOULD BE DENIED

A § 1404(a) transfer is discretionary and requires Defendants to show that the proposed transferee forum is clearly more convenient and that transfer would serve the interest of justice. Plaintiff's forum choice is entitled to deference and should not be disturbed unless the balance strongly favors transfer. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Defendants rely largely on generalized assertions that records and personnel are in Texas and that travel is burdensome. (Doc. 28-1 through -3). Such generic inconvenience is insufficient to overcome Plaintiff's choice, especially where the alleged harm occurred in Florida and where this Court is already managing the closely related first action between overlapping parties and issues.

Judicial economy strongly favors keeping this case in the same district: the Complaint expressly pleads this action concerns post–First Action infringement and is necessitated because pleadings have closed in the First Action. Maintaining venue here avoids inconsistent rulings, duplicative judicial labor, and overall judicial economy.

Defendants argue this case is duplicative of the First Action. But the Complaint expressly alleges this case concerns infringing conduct occurring after the First Action commenced and arises from distinct acts and parties not previously before the Court. (Doc. 1 at ¶ 2).

Claim splitting is an equitable, discretionary doctrine aimed at preventing a plaintiff from prosecuting two actions based on the same nucleus of operative facts at the same time. It does not apply where the second suit concerns materially new conduct, new infringements, and post-filing events. *See Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (*res judicata* elements focus on sameness of causes of action and operative facts); *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1365 (7th Cir. 1988) (observing that "the doctrine of *res judicata* … prevents the splitting of a single cause of action and the use of several theories of recovery as the

7

basis for separate suits"). The Eleventh Circuit adopted the test of the Tenth Circuit in assessing "whether the first suit, assuming it were final, would preclude the second suit." *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017). Here, nothing in the First Action would preclude the instant action.

Here, Plaintiff alleges concrete post First Action infringement  including a specific Florida-based download event occurring months after the close of pleadings in the First Action. (Doc. 1 at 212). Defendants' argument proposes granting Defendants a rolling immunity for future infringements so long as they continue infringing after pleadings close—an outcome inconsistent with copyright law and basic principles of claim accrual.

### IV. DEFENDANTS' RULE 12(f) MOTION SHOULD BE DENIED

Motions to strike under Rule 12(f) are "viewed with disfavor and are infrequently granted" even when they are "technically appropriate and well-founded" because they are a "drastic remedy." *Harvey v. Lake Buena Vista Resort, LLC*, 568 F. Supp. 2d 1354, 1359 (M.D. Fla. 2008).  See also *Augustus v. Bd. of Pub. Instruction of Escambia Cty.*, 306 F.2d 862, 868 (5th Cir. 1962). Allegations should not be stricken unless they have no relationship whatsoever to the controversy and the movant has shown it will prejudice a party.

Defendants seek to strike allegations relating to willfulness, motive, retaliation, and financial relationships relevant to Plaintiff's alter-ego theory of liability. But those allegations bear directly on remedies, credibility, and the plausibility of Plaintiff's alter-ego theory  issues that remain live in copyright

8

litigation and are not properly resolved on a motion to strike. *Augustus*, 306 F.2d at 868. ("A disputed question of fact cannot be decided on [a] motion to strike."). Similarly, the bar-complaint-related allegations and correspondence are plausibly connected to retaliatory motive and willfulness as pled, and in any event are not "redundant, immaterial, impertinent, or scandalous" within the meaning of Rule 12(f).

### V. DEFENDANTS' 12(b)(6) MOTION PROVIDES NO BASIS FOR DISMISSAL

Defendants' 12(b)(6) section mainly re-states its claim-splitting and jurisdictional arguments. To survive a Rule 12(b)(6) motion, a complaint need only plead "enough facts to state a claim to relief that is plausible on its face[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept well-pleaded factual allegations as true and draw reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is appropriate only where the complaint offers legal conclusions or "[t]hreadbare recitals" divorced from factual content. *Id*. at 678–79.

Defendants' motion largely seeks to re-characterize pleaded facts as "conclusory," to slice the complaint into isolated fragments, and to demand evidentiary detail about internal roles and corporate structure that is uniquely within Defendants' possession at the pleading stage. This does not carry the day for movants.

### A. PLAINTIFF PLAUSIBLY PLEADS DIRECT COPYRIGHT INFRINGEMENT AGAINST THE INDIVIDUAL DEFENDANTS.

A *prima facie* copyright-infringement claim requires: (1) ownership of a valid copyright; and (2) copying of original elements. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996).

The Complaint identifies registration numbers and effective dates for the works at issue, including the Hitchhiker-related literary and photographic registrations and the works implicated in the "1022 Infringement." (Doc. 1 ¶¶ 171, 176, 180–85). Those allegations are more than sufficient at the Rule 12(b)(6) stage. *Bateman*, 79 F.3d at 1541.

Copying and volitional conduct are pleaded with specificity, including dates, platform, and acts attributable to each Individual Defendant. Defendants' framing fails because the Complaint does not allege passive "availability" alone; it alleges Defendants themselves uploaded (or caused the upload of) the infringing material, made it available on Defcad, and distributed it via the internet. (Doc. 1 ¶¶ 177–79, 190–92, 208)

For the Second Hitchhiker infringement, the Complaint alleges that each individual defendant—Wilson, Walliman, and Odom—"in whole or in part, uploaded or caused to be uploaded" the infringement to Defcad on or about October 17, 2025. (Doc. 1 ¶¶ 177 79). The Complaint further alleges that "FreedomWare" did not upload the material and that instead each of Wilson, Walliman, and Odom "in whole or in part, made 'the Micro Hiker' available on Defcad.com." (Doc. 1 ¶¶ 189–92).

10

Critically, the Complaint also pleads distribution via a Florida download. It alleges that Plaintiff was sent infringing material and downloaded "from a computer in Orange County, FL," on November 1, 2025. (Doc. 1 ¶ 208). And it pleads that Defcad required a paid membership before the infringing material could be downloaded. (Doc. 1 ¶ 186). These are concrete, dated factual allegations of uploading, making available, and distribution.

### B. PLAINTIFF PLAUSIBLY PLEADS SECONDARY LIABILITY AND WILLFULNESS.

Even if Defendants were correct that the Complaint must plead more about internal roles, it does so. It alleges conduct showing knowledge, intentional encouragement, and exploitation of Plaintiff's works.

First, the Complaint pleads notice and awareness from the First Action and subsequent conduct evidencing ongoing knowledge. (Doc. 1 ¶¶ 171 76).

Second, the Complaint pleads affirmative encouragement and inducement: Defendants sent an email blast and mirrored it on the Defcad blog advertising availability of "the Micro Hiker," represented the Hitchhiker as subject to an unspecified "public license," and thereby misled recipients into believing a license existed. (Doc. 1 ¶¶ 199–07).

Third, the Complaint pleads obstructive conduct consistent with willfulness, including adding a terms-of-service provision "to attempt to prevent Plaintiff from accessing" the site and to frustrate proof of copying. (Doc. 1 ¶¶ 195–97). Taken

together, these allegations plausibly support knowledge and willfulness on the part of all Defendants at the pleading stage. *Iqbal*, 556 U.S. at 678.

### C. THE DD FOUNDATION ALLEGATIONS ARE PLAUSIBLE UNDER RULE 8 AND SUPPORTED BY THE ALTER-EGO AND ENTERPRISE ALLEGATIONS.

Defendants argue that the DD Foundation allegations are "on information and belief" and therefore insufficient. (Doc. 28 at 19–20). But Rule 8 permits pleading on information and belief where the facts are within the defendant's control, and plausibility is assessed from the total factual context alleged. *Twombly*, 550 U.S. at 556–57.

Here, the Complaint pleads a unified business enterprise and a pattern of asset hiding and commingling directed by Wilson across the business entities, including specific allegations of commingling and financial consolidation. (Doc. 1 ¶¶ 11–23). It also pleads that the Defendant entities share addresses, directors, and ownership. (Doc. 1 ¶ 14). Within that factual framework, the allegation that DD Foundation "took part in and shared in the profits" of the challenged conduct is plausible. (Doc. 1 ¶ 237).

### D. THE ALTER-EGO ALLEGATIONS EASILY CLEAR THE PLEADING THRESHOLD.

Defendants attempt to impose a merits-level veil-piercing showing at the pleading stage and claim Texas law requires "something more" than centralized control and shared finances. (Doc. 28 at 21–22) (citing *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444 (Tex. 2008); *Lucas v. Tex. Indus., Inc.*, 696 S.W.2d

372 (Tex. 1984); *Durham v. Accardi*, 587 S.W.3d 179 (Tex. App. 2019); *Endsley Elec., Inc. v. Altech, Inc.*, 378 S.W.3d 15 (Tex. App. 2012)).

That Defendants rely on foreign law aside, the Complaint pleads the exact "something more" identified in *Durham*, including commingling, diversion, and use of the corporate forms to hide assets and avoid judgments. Doc. 1 ¶¶ 15–23; *Durham*, 587 S.W.3d at 185. It alleges a "corporate shell game" designed to dissipate assets and avoid judgments, and it pleads specific examples of commingling and transfers that commingled corporate and personal assets and continued commingling thereafter. (Doc. 1 ¶¶ 15–23). Those allegations go far beyond "mere overlap in personnel," and are not the kind of naked legal conclusions Defendants portray. (Doc. 1 ¶¶ 14–23).

At minimum, whether veil-piercing is warranted is a fact-intensive inquiry unsuitable for resolution on the pleadings where Plaintiff has pleaded detailed, concrete indicia of commingling and misuse of corporate forms. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556.

### E. TO THE EXTENT DEFENDANTS RELY ON DECLARATIONS TO DISPUTE PLEADED FACTS, THAT IS IMPROPER ON A RULE 12(B)(6) MOTION.

Finally, Defendants' attempt to refute the Complaint's factual allegations through declarations underscores that their arguments are evidentiary. If matters outside the pleadings are considered, Rule 12(d) requires conversion to summary

judgment and a reasonable opportunity for discovery. Fed. R. Civ. P. 12(d). The Court should evaluate plausibility on the face of the Complaint and deny dismissal under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6).

## VI. CONCLUSION

Defendants' motion should be denied.

DATED:  February 17, 2026

*/s/ Zachary Z. Zermay*
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral Gables, FL 33145
Email: zach@zermaylaw.com
Telephone: (305) 767-3529
*Lead Counsel for Plaintiff Matthew Larosiere*

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on February 17, 2026, I caused a true and correct copy of the foregoing to be served on all parties by uploading and submitting it through this Court's CM/ECF system, which generated electronically notices of filing to all counsel of record.

<u>/s/ Zachary Z. Zermay</u>